UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

DAVID E. GABROS, M.D.,

        Plaintiff,

    v.

SHORE MEDICAL CENTER, SCOTT
STRENGER, M.D., JEANNE ROWE,
M.D., PETER JUNGBLUT, M.D.,
LINWOOD CARE CENTER, et al.

        Defendants.

---

Civil No. 14-1864 (NLH/JS)


**OPINION**

**APPEARANCES:**

TIMOTHY J. MCILWAIN
MCILWAIN, LLC
MCILWAIN PROFESSIONAL BUILDING
2020 NEW ROAD, SUITE A
LINWOOD, NJ 08221
    On behalf of plaintiff

KEVIN J. THORNTON
COOPER LEVENSON, P.A.
1125 ATLANTIC AVENUE
ATLANTIC CITY, NJ 08401
    On behalf of defendants Shore Medical Center, Scott
    Strenger, M.D., Jeanne Rowe, M.D., Peter Jungblut, M.D.

MATTHEW THOMAS CORSO
ERIC DANIEL HEICKLEN
BUCHANAN INGERSOLL & ROONEY
50 S. 16TH STREET
TWO LIBERTY PLACE
SUITE 3200
PHILADELPHIA, PA 19102
    On behalf of defendant Linwood Care Center

**HILLMAN, District Judge**

Presently before the Court are the motions of defendants to

dismiss plaintiff's amended complaint, and plaintiff's motion

to, in essence, file a second amended complaint, as well as plaintiff's motion to seal certain documents.  For the reasons expressed below, all pending motions will be denied, except for Linwood Care Center's motion to dismiss.

<u>**BACKGROUND**</u>

According to plaintiff's amended complaint, on March 25, 2013, plaintiff, David E. Gabros, M.D., was suspended from his clinical privileges at defendant Shore Medical Center ("SMC") due to the belief that plaintiff had committed a crime in the physician parking lot the day before.[1]  Plaintiff claims that prior to his suspension, based on conduct that did not constitute a crime but rather a disorderly persons offense, his track record of patient care was unblemished.  Plaintiff claims that he had a hostile relationship with other doctors who had privileges at SMC because of his ethnic background of Egyptian (Middle Eastern) ancestry.  Plaintiff claims that his personnel record maintained at SMC was filled with irregularities, misrepresentations, inconsistencies, and inconsistent application of policy that were discriminatory, anti-competitive, ethnically biased, and illegal.  Plaintiff further claims that his suspension was solely based on the defendants'

---

[1] The briefing by the parties, and plaintiff's supplemental submissions, reveal that plaintiff slashed the tires of the car owned by the medical staff president.

anticompetitive and discriminatory motives and desire to eliminate plaintiff's ability to compete with the defendants for patients by accusing him of criminal misconduct, and driving him out of business, and for no legitimate reason or purpose.

Plaintiff has asserted claims against SMC, three SMC physicians, and Linwood Care Center for "Defendants' ongoing discriminatory, anticompetitive, and/or illegal per se conduct, and in violation of Section 1 and 2 of the Sherman Act; 42 U.S.C. § 1981, et seq. in violation of equal protection under the law; in violation of Section 43(a) of the Lanham Act; in violation of the New Jersey Antitrust Act, N.J.S.A. 56:9-1 et seq.; in violation of constitutional rights as provided under 42 U.S.C. § 1983; and including breach of contract, tortious interference with contract and business, business disparagement, and other wrongful conduct; all arising out of concerted actions by and between the defendants resulting in an unreasonable restraint of trade and other anticompetitive and other illegal acts, thus damaging the plaintiff and the general public."

Defendants have moved to dismiss plaintiff's amended complaint. Plaintiff has filed a motion that appears to be both an opposition to defendants' motions and a request to file a second amended complaint. Plaintiff has also filed a motion to seal certain documents, although it is unclear what documents plaintiff wishes to file under seal.

3

### A.   Jurisdiction

Plaintiff has brought his claims pursuant to Sections 1 and 2 of the Sherman Act, 15 U.S.C. §§ 1 & 2, and 42 U.S.C. § 1983, as well as under New Jersey state law.  This Court has jurisdiction over plaintiff's federal claims under 28 U.S.C. § 1331, and supplemental jurisdiction over plaintiff's state law claims under 28 U.S.C. § 1367.

### B.   Standard for Motion to Dismiss

When considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff. Evancho v. Fisher, 423 F.3d 347, 351 (3d Cir. 2005).  It is well settled that a pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Under the liberal federal pleading rules, it is not necessary to plead evidence, and it is not necessary to plead all the facts that serve as a basis for the claim.  Bogosian v. Gulf Oil Corp., 562 F.2d 434, 446 (3d Cir. 1977).  However, "[a]lthough the Federal Rules of Civil Procedure do not require a claimant to set forth an intricately detailed description of the asserted basis for

4

relief, they do require that the pleadings give defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Baldwin Cnty. Welcome Ctr. v. Brown, 466 U.S. 147, 149-50 n.3 (1984) (quotation and citation omitted).

A district court, in weighing a motion to dismiss, asks "'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim.'" Bell Atlantic v. Twombly, 550 U.S. 544, 563 n.8 (2007) (quoting Scheuer v. Rhoades, 416 U.S. 232, 236 (1974)); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) ("Our decision in Twombly expounded the pleading standard for 'all civil actions' . . . ."); Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) ("Iqbal . . . provides the final nail-in-the-coffin for the 'no set of facts' standard that applied to federal complaints before Twombly.").

Following the Twombly/Iqbal standard, the Third Circuit has instructed a two-part analysis in reviewing a complaint under Rule 12(b)(6).  First, the factual and legal elements of a claim should be separated; a district court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions.  Fowler, 578 F.3d at 210 (citing Iqbal, 129 S. Ct. at 1950).  Second, a district court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "'plausible claim for relief.'"

5

Id. (quoting Iqbal, 129 S. Ct. at 1950).  A complaint must do
more than allege the plaintiff's entitlement to relief.  Id.;
see also Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234 (3d
Cir. 2008) (stating that the "Supreme Court's Twombly
formulation of the pleading standard can be summed up thus:
'stating . . . a claim requires a complaint with enough factual
matter (taken as true) to suggest' the required element.  This
'does not impose a probability requirement at the pleading
stage,' but instead 'simply calls for enough facts to raise a
reasonable expectation that discovery will reveal evidence of'
the necessary element").  A court need not credit either "bald
assertions" or "legal conclusions" in a complaint when deciding
a motion to dismiss.  In re Burlington Coat Factory Sec. Litig.,
114 F.3d 1410, 1429-30 (3d Cir. 1997).  The defendant bears the
burden of showing that no claim has been presented.  Hedges v.
U.S., 404 F.3d 744, 750 (3d Cir. 2005) (citing Kehr Packages,
Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991)).

    A court in reviewing a Rule 12(b)(6) motion must only
consider the facts alleged in the pleadings, the documents
attached thereto as exhibits, and matters of judicial notice.
S. Cross Overseas Agencies, Inc. v. Kwong Shipping Grp. Ltd.,
181 F.3d 410, 426 (3d Cir. 1999).  A court may consider,
however, "an undisputedly authentic document that a defendant
attaches as an exhibit to a motion to dismiss if the plaintiff's

6

claims are based on the document." <u>Pension Benefit Guar. Corp.</u>
<u>v. White Consol. Indus., Inc.</u>, 998 F.2d 1192, 1196 (3d Cir.
1993).  If any other matters outside the pleadings are presented
to the court, and the court does not exclude those matters, a
Rule 12(b)(6) motion will be treated as a summary judgment
motion pursuant to Rule 56.  Fed. R. Civ. P. 12(b).

   **C.   Standard for Motion for Leave to Amend**

   Amendments to pleadings are governed by Federal Civil
Procedure Rule 15, which provides that the Court "should freely
give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).
The Third Circuit has shown a strong liberality in allowing
amendments under Rule 15 in order to ensure that claims will be
decided on the merits rather than on technicalities.  <u>Dole v.</u>
<u>Arco Chemical Co.</u>, 921 F.2d 484, 487 (3d Cir. 1990); <u>Bechtel v.</u>
<u>Robinson</u>, 886 F.2d 644, 652 (3d Cir. 1989).  An amendment must
be permitted in the absence of undue delay, bad faith, dilatory
motive, unfair prejudice, or futility of amendment.  <u>Grayson v.</u>
<u>Mayview State Hosp.</u>, 293 F.3d 103, 108 (3d Cir. 2002) (citing
<u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962)).  Amendment of the
complaint is futile if the amendment will not cure the
deficiency in the original complaint or if the amended complaint
cannot withstand a renewed motion to dismiss.  <u>Jablonski v. Pan</u>
<u>American World Airways, Inc.</u>, 863 F.2d 289, 292 (3d Cir. 1988).

**D.    Analysis**

The SMC defendants have moved to dismiss plaintiff's amended complaint because they have never been properly served with the amended complaint.  Linwood Care Center ("Linwood") has moved to dismiss plaintiff's complaint for the same reason, but also because the amended complaint does not contain any allegations as to how Linwood was involved with plaintiff's claims.  In his hybrid opposition/motion to file an amended complaint, plaintiff's counsel attempts to explain the confusion that resulted in the lack of formal service on defendants.  He also attempts to cure the lack of allegations as to Linwood. Plaintiff's proposed second amended complaint further purports to include allegations concerning events, such as the completion of SMC's internal hearing process, which occurred after the filing of the amended complaint on March 30, 2015.

Following the Third Circuit's instruction that "[i]n evaluating challenges to the denial of opportunity to amend we have held consistently that leave to amend should be granted freely" in order to "ensure[] that a particular claim will be decided on the merits rather than on technicalities," Dole v. Arco Chem. Co., 921 F.2d 484, 486-87 (3d Cir. 1990) (citations omitted), the Court will provide plaintiff one final opportunity

to right the ship so this case can move forward on its merits.[2]
Within 30 days of the date of this Opinion, plaintiff must, in
strict compliance with the Federal Rules of Civil Procedure:

(1)  obtain a proper summons for each defendant;

(2)  properly serve each defendant with the summons and a
copy of the amended complaint, which is the operative pleading
in this case; and

(3) file a formal motion for leave to file a second amended
complaint.[3]  See Fed. R. Civ. P. 4, 15.

Any deviation from the explicit requirements of the Federal
Rules and the Court's 30-day deadline will result in the
dismissal of plaintiff's case.  See Ayres v. Jacobs & Crumplar,
P.A., 99 F.3d 565, 569 (3d Cir. 1996) ("The failure of a
plaintiff to obtain valid process from the court to provide it
with personal jurisdiction over the defendant in a civil case is
fatal to the plaintiff's case."); see also Omni Capital Int'l,
Ltd. v. Rudolf Wolff & Co., Ltd., 484 U.S. 97, 104 (1987)
(explaining that notice by the defendant of the lawsuit is not

---

[2] For a detailed account of the tortured procedural history of
this case, see Docket No. 70-2 at 9-13 and Docket No. 71 at 2-3.

[3] If proper service is effectuated on defendants, defendants may
file an answer or otherwise respond to plaintiff's amended
complaint as provided by Fed. R. Civ. P. 12.  If defendants wish
to file a motion to dismiss plaintiff's amended complaint and
oppose plaintiff's motion for leave to amend, defendants may do
so in one omnibus filing.

enough to confer personal jurisdiction); <u>Petrucelli v. Bohringer & Ratzinger</u>, 46 F.3d 1298, 1307 (3d Cir. 1995) (citation omitted) ("The lesson to the federal plaintiff's lawyer is not to take any chances.  Treat the 120 days [allowed for service by Rule 4] with the respect reserved for a time bomb.").

These directions, however, only apply to plaintiff's claims against SMC and the three individual defendants, Scott Strenger, M.D., Jeanne Rowe, M.D., and Peter Jungblut, M.D.  Plaintiff's amended complaint contains no factual allegations whatsoever against Linwood that would support plaintiff's antitrust, discrimination, and other claims.  Because plaintiff's claims against Linwood fail to meet the pleading standards of <u>Twombly/Iqbal</u> and Rule 8, plaintiff's amended complaint, which was not properly served in the first instance, must be dismissed as to Linwood.  Linwood may again become a defendant in this action only if (1) the Court grants plaintiff's motion for leave to file a second amended complaint which contains sufficiently pleaded claims against Linwood, and (2) plaintiff then properly serves Linwood with the Court-approved second amended complaint.

## CONCLUSION

The motion of the SMC defendants is denied.  Plaintiff's motions are also denied.  The motion of Linwood Care Center to dismiss plaintiff's complaint against it is granted.  Plaintiff shall proceed as directed by the Court within 30 days of the

10

date of this Opinion.  Failure to do so will result in the
dismissal of plaintiff's case.

An appropriate Order will be entered.


December 22, 2015                    s/ Noel L. Hillman
At Camden, New Jersey          NOEL L. HILLMAN, U.S.D.J.